Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0355 | **DATE** | 1/25/2013 |
| **CASE TITLE** | Donald Conwell (#2012-0607038) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $12.49 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Defendant Cook County is dismissed as a party defendant. The Clerk shall issue summonses to Defendant R. Smith and Defendant Lieutenant Bowers, and the U.S. Marshals Service is appointed to serve those two defendants. The Clerk shall send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied.

■ **[For further details see text below.]**  **Docketing to mail notices.**

# STATEMENT

Plaintiff Donald Conwell, presently a pretrial detainee at the Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on February 5, 2012, he was placed in general population by Defendant Bowers, who identified him, within earshot of other inmates, as a "snitch". The next day, Plaintiff told Defendant Smith that he was in fear for his safety and that he belonged in protective custody. Smith told Plaintiff there was nothing he could do. On February 6, 2012, Plaintiff alleges he was attacked by another inmate, resulting in a fractured bone in his left eye socket and requiring care at Stroger Hospital. In addition to Bowers and Smith, Plaintiff names Cook County as a defendant.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.49. The inmate trust fund officer at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. With respect to Defendants Bowers and Smith, Plaintiff has alleged a valid claim for deliberate indifference to a substantial risk of serious harm. *See Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999).

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

However, Plaintiff states no allegations of an unconstitutional policy or custom to support a claim against the County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *King v. Kramer,* 680 F.3d 1013, 1020 (7th Cir. 2012). Plaintiff's sole allegation against the County amounts to a legal conclusion, with no facts to support it. The Seventh Circuit has held that "[a] single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326. (7th Cir. 1993). Consequently, Cook County is dismissed as a Defendant. While Plaintiff cites to, and attaches to his complaint, a U.S. Justice Department investigation summary regarding security at the Cook County Jail, it was prepared in 2008, and does not support an inference of any custom and policy that led to Plaintiff being in danger of attack by another inmate in 2012.

The Clerk shall issue summons to Defendants Smith and Bowers. The Marshals Service is appointed to serve Defendants. The Marshals Service shall provide Plaintiff with any service forms he must complete. The Marshals Service is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshals Service with Defendant's last-known address. The information shall be used only for purposes of effectuating service, and any documentation of the address shall be retained only by the Marshals Service. Address information shall not be maintained in the court file, nor disclosed by the Marshals Service. The Marshals Service is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants or, once defense counsel appears, to defense counsel. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff has submitted a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case, *see Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006), and at this stage does not present any complex discovery problems or need for an evidentiary hearing. The motion for appointment of counsel is therefore denied without prejudice to renewal if circumstances warrant the need for an attorney's assistance.